Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered August 7, 2012. The judgment convicted defendant, upon a jury verdict, of endangering the welfare of a child (two counts), public lewdness (two counts) and burglary in the third degree as a sexually motivated felony (two counts).
It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences imposed on each count of burglary in the third degree as a sexually motivated felony shall run concurrently with respect to each other and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of endangering the welfare of a child (Penal Law § 260.10 [1]), public lewdness (§ 245.00), and burglary in the third degree as a sexually motivated felony (§§ 130.91 [1]; 140.20). We reject defendant’s contention that County Court erred in denying his motion to sever inasmuch as the offenses “were part of a single continuing incident and were thus properly joinable pursuant to CPL 200.20 (2) (a)” (People v Lee, 275 AD2d 995, 997 [2000], lv denied 95 NY2d 966 [2000]). In addition, “[t]he offenses were properly joined because they involved incidents in which proof with respect to one crime would be material and admissible as evidence [-] in [-] chief in a trial with respect to the other crimes” (People v McAvoy, 70 AD3d 1467, 1467 [2010], lv denied 14 NY3d 890 [2010]; see CPL 200.20 [2] [lb]). Inasmuch as “the offenses were properly joinable under CPL 200.20 (2) (a) or (b), discretionary severance was not available” (Lee, 275 AD2d at 997; see CPL 200.20 [3]; People v Lane, 56 NY2d 1, 7 [1982]).
We reject defendant’s further contention that the court erred in refusing to suppress the identification testimony of a middle school custodian. Contrary to defendant’s contention, the photo array used in the pretrial identification procedure was not unduly suggestive. “There is no requirement that the photograph of a defendant shown as part of a photo array be surrounded by photographs of individuals nearly identical in appearance” (People v Starks, 91 AD3d 975, 975 [2012], lv denied 18 NY3d 998 [2012]), and, here, we conclude that the alleged variations in appearance between defendant and the other persons *1503 depicted in the photo array were “not sufficient to create a substantial likelihood that the defendant would be singled out for identification” (People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]; see People v Hicks, 110 AD3d 1488, 1489 [2013], lv denied 22 NY3d 1156 [2014]; People v Davis, 15 AD3d 930, 931 [2005], lv denied 5 NY3d 761 [2005]). Defendant’s further contention that the court erred in failing to suppress the prospective in-court identification testimony of one of the victims is moot, inasmuch as that victim did not identify defendant at trial (see People v Townsley, 240 AD2d 955, 957 [1997], lv denied 90 NY2d 943 [1997], reconsideration denied 90 NY2d 1014 [1997]).
We reject defendant’s contention that he was unduly prejudiced by the court’s Molineux ruling. Here, the evidence of uncharged crimes and prior bad acts was properly admitted in evidence to demonstrate defendant’s motive, intent and identity (see generally People v Molineux, 168 NY 264, 293-294 [1901]; People v Wemette, 285 AD2d 729, 731 [2001], lv denied 97 NY2d 689 [2001]), and its probative value was not outweighed by its prejudicial effect (see Wemette, 285 AD2d at 731). We note, moreover, that “the court’s limiting instruction minimized any prejudice to defendant” (People v Washington, 122 AD3d 1406, 1408 [2014]). Even assuming, arguendo, that the court erred in admitting the testimony of a victim of a prior incident who was unable to provide an in-court identification of defendant, we conclude that the error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to defendant’s contention, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction of both counts of public lewdness (see Matter of Jeffrey V., 185 AD2d 241, 241-242 [1992]; Matter of Paul R., 131 AD2d 764, 764-765 [1987]). We further conclude that, viewing the evidence in light of the elements of all of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see People v Judware, 75 AD3d 841, 845 [2010], lv denied 15 NY3d 853 [2010]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that the sentence is unduly harsh and severe under the circumstances of this case, and we therefore modify the judgment as a matter of discretion in the interest of justice by directing that the sentences imposed on each count of burglary in the third degree as a sexually motivated felony shall run concurrently with respect to each other (see CPL 470.15 [6] *1504 [b]). Present — Centra, J.P., Lindley, Sconiers, Whalen and DeJoseph, JJ.